⑬

FILED
APR 15 2015
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 13-25279-B-7 |
| JOSEPH DAVID ANDER and ROSE EUGENIA ANDER, | Adversary No. 13-2225 |
| | DC No. AND-2 |
| Debtor(s). | |
| ACK FAMILY LIMITED PARTNERSHIP, | |
| Plaintiff(s), | |
| v. | |
| JOSEPH ANDER and ROSE ANDER, | |
| Defendant(s). | |

**MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO VACATE**

Introduction

Before the court is *Defendants' Motion to Vacate Order Re: Imposition of Judgment* filed by defendants Joseph and Rose Ander. Defendants ask the court to vacate its order of February 24, 2015. That order reinstated this adversary proceeding and ordered the entry of a stipulated judgment defendants consented to under the terms of a settlement agreement between the defendants and plaintiff ACK Family Limited Partnership. The parties reached that settlement agreement through court-ordered mediation conducted under the court's alternative dispute resolution program. Plaintiff has opposed defendants' motion. Defendants have replied to plaintiff's opposition.

The court has reviewed defendants' motion, the plaintiff's opposition, and the defendants' reply, together with the supporting declarations and exhibits filed with each. The court has also heard and considered the arguments and statements of counsel made in open court on April 7, 2015. The court now issues this memorandum decision to memorialize and clarify its findings of fact and conclusions of law stated on the record pursuant to Federal Rule of Civil Procedure 52(a) as made applicable by Federal Rule of Bankruptcy Procedure 7052.

For the reasons explained on the record and below, defendants' have not satisfied the burden necessary for the court to vacate its prior order of February 24, 2015. Nevertheless, the court will modify the enforcement mechanism of that order, but not the substantive relief granted in that order. Therefore, defendants' motion will be granted in part and denied in part.

Background

Defendants ask the court to vacate its order entered in this adversary proceeding on February 24, 2015. In that order, the court granted plaintiff's unopposed *Motion to Reopen Adversary Proceeding for Entry of Judgment* filed on January 19, 2015. Plaintiff's motion asked the court to reopen and reinstate this adversary proceeding, find that defendants failed to timely make a payment required by a settlement agreement, and order entry of a nondischargeable judgment in the amount of $138,941 against the defendants. Plaintiff's motion was based on a settlement agreement reached in this adversary proceeding

dated October 5, 2014, which the parties and their attorneys signed. The parties reached that settlement agreement following a day long court-ordered mediation conducted under the auspices of the court's alternative dispute resolution program.

The parties' settlement agreement required defendants to make a substantially-reduced payment of $15,000 to plaintiff on or before October 15, 2014, unless the timeliness of that payment was excused by the plaintiff. Plaintiff, in turn, was to dismiss this adversary proceeding. The settlement agreement also provided that if the defendants failed to timely make the $15,000 settlement payment and their untimeliness was not excused by the plaintiff, there would be a presumption that defendants obtained dismissal of this adversary proceeding by fraud, this adversary proceeding could be reinstated without objection by the defendants, and the court "shall" enter a stipulated judgment in the amount of $138,941 against the defendants and in favor of the plaintiff.

As required by the parties' settlement agreement, this adversary proceeding was originally dismissed by an order entered on October 21, 2014. That order granted plaintiff's unopposed motion to dismiss which referenced and incorporated the settlement agreement. Defendants, however, did not timely pay plaintiff $15,000, on or before October 15, 2014. Defendants' failure was no longer excused at least as of January 19, 2015, when plaintiff filed the motion that resulted in the order defendants now ask the court to vacate. That motion was properly served and the hearing on that motion properly noticed. Defendants failed to oppose that motion or object to the relief

requested. Defendants' attorney and the defendants also failed to appear at the February 24, 2015, hearing on the motion.

Problems leading to plaintiff's motion of January 19, 2015, developed on or about December 1, 2014. Defendants' attorney maintains that about that time he received what "appeared" to be a $15,000 Wells Fargo Bank cashier's check from the defendants. That cashier's check was made payable to the defendants' attorney and was deposited into his JP Morgan Chase trust account. For some reason that neither defendants' attorney nor the defendants have to date explained, Chase placed a hold on the Wells Fargo cashier's check and refused to release funds from that cashier's check. Defendants' attorney now maintains that Chase's hold on the Wells Fargo cashier's check was an unforseen event that rendered the defendants' timely payment of the $15,000 required by the settlement agreement impossible.[1]

The court notes that neither defendants' attorney nor the defendants have submitted any evidence to substantiate their claim of impossibility. Although defendants' attorney stated he called Chase to inquire about the availability of funds on the Wells Fargo cashier's check, there is no evidence that the defendants' attorney or the defendants made any attempt to

---

[1] The Chase hold was one of three conflicting and contradictory reasons given as to why payment under the settlement agreement was not timely. Defendants' attorney also stated that defendants had to wait until they received a discharge because the funds they intended to use were property of the estate and it was necessary to obtain the trustee's approval to use those funds. When it was suggested that defendants' post-petition earnings were not property of the estate, defendants' attorney then stated defendants intended to use funds from their 401(k). When asked if those funds were exempt and also not property of the estate, defendants' attorney changed course in his argument.

-4-

recover funds from Chase or Wells Fargo. There is no evidence that defendants lacked another source of funds to pay plaintiff. And there is no evidence that the Wells Fargo cashier's check was the only source of funds available to the defendants. In fact, defendants submitted no affidavit or declaration in support of their motion to vacate and they did not appear at the hearing on that motion held on April 7, 2015.

Becoming increasingly frustrated with the defendants' non-payment, defendants' non-compliance with the settlement agreement, and the non-responsiveness of defendants' attorney, plaintiff sought the relief the settlement agreement contemplated in the event of untimely payment. Plaintiff filed its motion on January 19, 2015, and in that motion asked the court to do three specific things, all of which were consistent with what the settlement agreement provided:

> Plaintiff is requesting the Court to reopen the adversary proceeding, find the debtors failed to pay the agreed upon sum of $15,000 by October 15, 2014, and enter a Judgment in the amount of $138,941.

Doc. 51 at p.3.

Defendants did not oppose plaintiff's motion or object to the relief requested. In fact, neither defendants nor their attorney appeared at the hearing held on plaintiff's motion on February 24, 2015. Somewhat perplexed that the court would have the audacity to actually grant relief requested in a properly-noticed and unopposed motion consistent with relief defendants agreed the court "shall" grant under the circumstances presented, defendants now move the court to vacate its order of February 24, 2015, granting plaintiff the relief it requested in

-5-

its motion of January 19, 2015.

Jurisdiction, Venue, and Notice

Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. This matter is a core proceeding that a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(A), (I), (J) and (O). To the extent it may ever be determined to be a matter that a bankruptcy judge may not hear and determine without consent, the parties nevertheless consent to such determination by a bankruptcy judge. 28 U.S.C. § 157(c)(2). Venue is proper under 28 U.S.C. § 1409.

Defendants' motion was heard on April 7, 2015. Due notice of the motion and the hearing was given to all required parties and parties in interest. Yasha Rahimzadeh, Esq., appeared for defendants. Ellen Dove, Esq., appeared for plaintiff.

Applicable Legal Standard

Defendants filed their motion to vacate on March 9, 2015, and, thus, within fourteen days of the February 24, 2015, order they ask the court to vacate. The court will, therefore, analyze defendants' motion under Federal Rule of Civil Procedure 59(e) made applicable by Federal Rule of Bankruptcy Procedure 9023. See United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 209 (9th Cir. BAP 2006). A Rule 59(e)/9023 motion should not be granted absent highly unusual circumstances. In re Arden Properties, Inc., 248 B.R. 164, 167 (Bankr. D. Ariz. 2000) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999)). In order to obtain relief under Rule 59(e)/9023, the

movant must show: (1) newly discovered evidence; (2) that the bankruptcy court committed clear error or made an initial decision that was manifestly unjust; or (3) that there was an intervening change in controlling law. Heritage Pac. Fin., LLC v. Montano (In re Montano), 501 B.R. 96, 112 (9th Cir. BAP 2013) (citation omitted).

Defendants do not assert the existence of newly discovered evidence or an intervening change in controlling law. Thus, the court focuses only on the second basis for relief, *i.e.*, whether the court committed clear error or made an initial decision that was manifestly unjust. After reviewing the parties' written submissions and considering the statements and argument of counsel in open court on April 7, 2015, the court is not persuaded that it committed clear error when it entered its order of February 24, 2015, or that its initial decision on February 24, 2015, was manifestly unjust. In short, defendants have failed to satisfy the burden necessary to obtain relief under Rule 59(e)/9023.

Discussion

Defendants first argue that the court should not have reopened and reinstated this adversary proceeding and ordered substantive relief in a single proceeding. Instead, defendants maintain the court should have reopened this adversary proceeding and ordered further proceedings, such as an evidentiary hearing or discovery, on the parties' settlement agreement. The court is not persuaded by defendants' argument.

Defendants cite In re Germaine, 152 B.R. 619 (9th Cir. BAP

1993) and <u>In re Daniels</u>, 34 B.R. 782 (9th Cir. BAP 1983), for the proposition that reopening is a ministerial act that does not afford substantive relief or determine the merits of the underlying case. Defendants' reliance on both cases is misplaced. <u>Germaine</u> and <u>Daniels</u> dealt with reopening under § 350(b).[2] "Section 350(b) deals with reopening bankruptcy cases, not adversary proceedings." <u>In re Aguilar</u>, 470 B.R. 606, 612 n.5 (Bankr. D. N.M. 2012); <u>see also</u> <u>In re Sun Healthcare Group, Inc.</u>, 2004 WL 941190 (Bankr. D. Del. 2004) ("We agree with the Debtors that section 350 applies only to reopening bankruptcy cases and not to reopening adversary proceedings.").[3]

Reopening of this closed adversary proceeding is tied to the court's "core" and "arising under" jurisdiction. See <u>Goldman v. Gerard (In re Gerard)</u>, 2014 WL 6892733 (9th Cir. BAP, December 8, 2014). That jurisdictional basis provided the necessary authority for this court to reinstate the adversary proceeding and simultaneously grant the substantive relief defendants had already consented to in the parties' settlement agreement,

---

[2] Although <u>Germaine</u> does not cite § 350(b), it borrows heavily and nearly verbatim from <u>In re David</u>, 106 B.R. 126, 128-129 (Bankr. E.D. Mich. 1989), which is a § 350(b) case. <u>Daniels</u> is a § 350(b) case.

[3] Even assuming § 350(b) applied, it is within the court's discretion to reopen an adversary proceeding and grant substantive relief in a single proceeding. See <u>In re Smith</u>, 400 B.R. 370, 376-377 (Bankr. E.D.N.Y. 2009) (stating that while the act of reopening has been described as a ministerial act, that does not mean it is never appropriate for the court to consider the merits of underlying action at reopening); <u>In re Diviney</u>, 211 B.R. 951 (Bankr. N.D. Okla. 1997), <u>aff'd</u> 225 B.R. 762 (10th Cir. BAP 1998), abrogated on other grounds by <u>In re Johnson</u>, 501 F.3d 1163 (10th Cir. 2007) (order reopening the case also provided for the vacating of the prior order of dismissal and restoration of the case to its pre-dismissal position).

particularly since the defendants neither opposed plaintiff's motion nor appeared at the hearing held on that motion on February 24, 2015.  Id.

It is also significant that defendants' attorney represented the defendants in the underlying chapter 7 case, this adversary proceeding, the court-ordered mediation, and in the drafting and approval of the settlement agreement and related documents.  He continued to represent the defendants when plaintiff's motion was filed on January 19, 2015, and heard on February 24, 2015.  Thus, defendants' attorney was intimately familiar with the terms of the settlement agreement and the relief requested in plaintiff's motion, and he and the defendants chose not to respond.  Under those circumstances, the silence of the defendants' attorney and the defendants could be viewed as a statement of nonopposition or consent.  Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.), cert. denied, 516 U.S. 838 (1995); see also Local Rule 9014-1(f)(1)(B).

The two additional arguments defendants make in their motion to vacate do not alter the court's conclusion.  The court finds neither argument persuasive.

Defendants first suggest their timely performance in the payment to plaintiff required by the settlement agreement was excused by the unforseen intervening and superceding act of a third-party that rendered their performance impossible. Specifically, defendants' attorney maintains it was unforeseeable that Chase would place a hold on the defendants' Wells Fargo cashier's check.  The court is not persuaded that, even if unforseen, this act rendered defendants' performance impossible.  Defendants' complete silence as evidenced by the

absence of any affidavit or declaration to support their motion to vacate also suggests that Chase's hold was not unforeseen.

Assuming for purposes of argument that it was unforeseeable that Chase would refuse to honor Wells Fargo's cashier's check after defendants' attorney deposited that cashier's check into his Chase account, defendants have produced no evidence that Chase's hold rendered their obligation of timely payment under the settlement agreement impossible. As noted above, there is no affidavit, declaration, or other testimony from the defendants that they lacked another source of funds, that the Wells Fargo cashier's check represented their only source of funds, or that they did anything to recover funds from Chase or Wells Fargo. At best, all defendants' attorney did was call Chase and ask a bank employee when funds would be available.

Defendants' silence is telling. From the defendants' failure to state in any manner and at any time after January 19, 2015, that the cashier's check they obtained from Wells Fargo was valid, that they obtained that cashier's check with good and sufficient funds, and/or to generally explain what they did (if anything) to claim or recover funds from Wells Fargo and/or Chase it could be inferred that perhaps Wells Fargo had a legitimate reason to not honor its cashier's check thereby making Chase's hold not unforseen. In other words, defendants may have a good reason for remaining silent because it was their conduct that caused the Chase hold in the first place and, thus, which created the circumstances they now claim were unforseen. In that case, Chase's hold would be entirely foreseeable and not unforseen.

In short, there is a complete failure of proof by the defendants that Chase's refusal to honor the Wells Fargo cashier's check, even if unforseen, rendered their timely performance under the settlement agreement impossible. And it also appears highly doubtful that the hold Chase placed on the Wells Fargo cashier's check was unforseen in the first place.

The court is also not persuaded by defendants' "assumption of the risk" argument. Payment by cashier's check was designed to eliminate risk of nonpayment because the cashier's check was the bank's obligation - not the defendants'. Thus, there was no risk to assume in the first instance. That is also evident from Section 6 of the Release of All Claims which expressly provided that in the event of nonpayment or no timely payment by the defendants this adversary proceeding could be reinstated without objection from the claimants and a stipulated judgment of $138,941 "shall" be entered. In other words, there were consequences to be imposed in the absence of timely payment. That is precisely what plaintiff requested, defendants did not oppose, and the court granted in this case.

Conclusion

In short, defendants have not demonstrated that the court committed clear error or that the initial decision in the court's order of February 24, 2015, was manifestly unjust. Therefore, based on all the foregoing, the defendants' motion to vacate will be granted in part and denied in part.

An appropriate order will issue.

Dated:    April 15, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Ellen C. Dove
5325 Elkhorn Blvd #160
Sacramento CA 95842


Yasha Rahimzadeh
980 9th St 16th Fl
PMB 1021
Sacramento CA 95814